# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60371
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TANNER STINSON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:25-CR-8-1

_____

Before BARKSDALE, GRAVES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Tanner Stinson pleaded guilty to traveling in interstate commerce with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). Challenging his within-Guidelines 135-months'-imprisonment sentence, he contends the district court erred by: applying a two-level vulnerable-victim enhancement under Guideline § 3A1.1(b)(1); and using

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

conditional sentencing language, in violation of Federal Rule of Criminal Procedure 32(i)(3)(B).

Regarding Stinson's § 3A1.1(b)(1) challenge, he contends the court erred by concluding: the minor victim (MV) was unusually vulnerable; and Stinson should have known the MV's susceptibility to his criminal conduct. "Review of a district court's interpretation of the Sentencing Guidelines is *de novo* and review of a district court's application of unusual vulnerability in the arena of sentencing is for clear error." *United States v. Wilcox*, 631 F.3d 740, 753 (5th Cir. 2011) (citation omitted). We will reverse a fact finding as clearly erroneous "only if a review of all the evidence leaves the court with the definite and firm conviction that a mistake has been committed". *United States v. Mendoza-Gomez*, 69 F.4th 273, 276 (5th Cir. 2023) (citation omitted).

Section 3A1.1(b)(1) provides for a two-level sentence enhancement "[i]f . . . defendant knew or should have known that a victim of the offense was a vulnerable victim". *United States v. Smith*, 115 F.4th 370, 376 (5th Cir. 2024) (citation omitted). As for the MV's vulnerability, Stinson contends the court did not rely on victim-specific factors. On the contrary, the record reflects the court relied on the MV's psychological and cognitive assessment, which detailed her fifth-percentile score in adaptive behavior, defined in the assessment as "the things that people do to function in their everyday lives". Accordingly, the court did not clearly err in concluding the MV had "diminished ability . . . to thwart or resist the crime at hand". *United States v. Swenson*, 25 F.4th 309, 321 (5th Cir. 2022).

Similarly, Stinson fails to show clear error in the court's concluding he should have known the MV's susceptibility to criminal conduct. The unrebutted evidence in the presentence investigation report (PSR) shows, in addition to meeting the MV twice in person, Stinson communicated with her

online for months. *See Wilcox*, 631 F.3d at 756 ("[T]he district court's [conclusion] . . . in [the] light of the *whole* record [is] not clearly erroneous".).

As for his contention that the court contravened Rule 32(i)(3)(B), Stinson did not preserve this issue in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Stinson must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Under Rule 32(i)(3)(B), a district court "must—for any disputed portion of the [PSR] or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing". FED. R. CRIM. P. 32(i)(3)(B). Stinson contends the court did not rule on the disputed portion of the PSR by "impos[ing] [an] alternative or conditional ruling[]". This, he asserts, violated Rule 32(i)(3)(B) and Supreme Court precedent. He fails to show the requisite clear-or-obvious error, as he cites no precedent in support of his position. *See, e.g.*, *United States v. Jones*, 88 F.4th 571, 574 (5th Cir. 2023) ("Arguments that require the extension of existing precedent cannot meet the plain error standard."); *see also United States v. Reyna-Aragon*, 992 F.3d 381, 388–89 (5th Cir. 2021) (affirming sentence when district court used similar language).

AFFIRMED.